Thomas A. Aurelio, J.
This is an application to stay a proceeding before the Secretary of Agriculture, under the Perishable Agricultural Commodities Act (U. S. Code, tit. 7, § 499a et set£.). The petitioners contend that inasmuch as an agree *72 ment of arbitration exists between the parties, that the controversy should be resolved by. arbitration, and that therefore the court should, in the exercise of the powers granted by section 1451 of the Civil Practice Act, stay the proceeding* before the Secretary of Agriculture. The respondents challenge the validity of the so-called arbitration agreement, claiming* that any such contract, if indeed one exists, is entirely unilateral and not binding upon them.
Subdivision 2 of section 499b of the Perishable Agricultural Commodities Act, which is involved here, defines as an “ unfair practice ” the failure to deliver a perishable commodity in accordance with a contract, without reasonable cause, and by section 499e provides that a violation of section 499b shall make the dealer liable to the person injured for the full amount of damages sustained. It cannot be denied that a proceeding is pending in the U; S. Department of Agriculture, and that as “ licensees ” under the statute, the parties are subject to the order of that department. It is specifically provided by the act (§ 499e, subd. [b]) “ the provisions of this chapter are in addition ’ ’ to the remedies existing at common law or by statute.
Quite aside from the fact that a serious dispute exists that an arbitration agreement was made, the facts indicate that the petitioners have participated in the pending proceeding-before the Secretary of Agriculture- and may well have waived their rights to arbitration.
The petitioners’ right to arbitration is questionable, to say the least, and in view of the alleged waiver, rests upon tenuous grounds. Under the circumstances, the court is not disposed to interfere with the rights of respondents granted by virtue of a Federal statute. Even if a valid arbitration agreement existed, it would seem that the court is without power to stay the Federal proceeding (Garrity v. Bagold Corp., 267 App. Div. 353; Friedman Hat Co. v. Safrin, 82 N. Y. S. 2d 873). The motion is denied.